IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARLEEN ROWE,                 :
     Plaintiff              :
                             :

     v.                  :        Civil No. AMD 02-216
                             :
MARYLAND TRANSIT      :
ADMINISTRATION, et al.,   :
     Defendants        :
...o0o...

ORDER

This is an employment discrimination action instituted by a former employee of

defendant Maryland Transit Administration. Plaintiff Earleen Rowe, who worked as a bus

driver, asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

*et seq.*, and companion claims under 42 U.S.C. § 1981; the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101, *et seq.*; and state law. In addition to the defendants' motion for

summary judgment (which will be determined subsequently), there are now pending several

miscellaneous motions. No hearing is necessary.

1.     Motion to Exclude Experts

Apparently, a principal area of dispute between the parties surrounds their conflicting

views as to an incident which occurred on or about November 16, 1999. Plaintiff had

suffered an on-the-job injury in connection with her employment as a bus driver. After she

had been off work and receiving workers' compensation benefits for about a year, she was

released by her physician to return to a "light duty" assignment for two hours per day. In

connection with her return to work, it was agreed that she would be picked up at home by

a co-employee in a "mobility van" regularly used to transport disabled persons and persons with physical impairments. While thus being transported to the site of the "light duty" assignment, plaintiff allegedly fell from her seat on the van when, she claims, the driver made an abrupt (and unsafe) stop. From the evidence in the record, it appears unlikely that the incident could have occurred exactly as the plaintiff reported; moreover, defendants have evidence that plaintiff had threatened (in advance of her return to work) to injure herself if she were released to go back to work.

Defendants have also identified two proposed expert witnesses in respect to the incident: Sandra G. Bell and R. Scott Wills. Bell is a trained safety investigator employed by the Maryland Transit Administration. Apparently, Bell conducted an investigation of the November 16, 1999, incident shortly after it occurred, which included taking photographs and interviewing the driver of the mobility van and taking certain measurements. Bell also conducted certain "recreations" of the incident (with the mobility van traveling at various speeds) in an effort to demonstrate whether the plaintiff could have fallen and suffered an (additional) injury as she claims. Bell is prepared to offer certain opinions, e.g., that the incident could not be recreated and/or that it simply did not happen as plaintiff claims.

Wills is a "certified" accident reconstructionist who is a principal in his own firm. Wills has extensive prior experience and training in the field of accident reconstruction, including time as a law enforcement investigator, has conducted research, and has been qualified to offer opinions in many prior cases. Wills is also prepared to offer certain

explanations of the techniques in his field and certain opinions regarding his analysis of the

evidence surrounding the incident of November 16, 1999.

As amended effective December 1, 2000, Rule 702 of the Federal Rules of Evidence

states:

> If scientific, technical, or other specialized knowledge will assist the trier of
> fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or education,
> may testify thereto in the form of an opinion or otherwise, if (1) the testimony
> is based upon sufficient facts or data, (2) the testimony is the product of
> reliable principles and methods, and (3) the witness has applied the principles
> and methods reliably to the facts of the case.

The "basic gatekeeping obligation" previously identified by the Supreme Court in *Daubert*

*v. Merrill Dow Pharmaceuticals, Inc*., 509 U. S. 579 (1993), and now embraced by Rule 702,

applies, of course, not only to "scientific" testimony, but to all expert testimony. *Kumho Tire*

*Co. v. Carmichael,* 526 U.S. 137, 147 (1999).[1] Indeed, as the Supreme Court has explained,

"no clear line" divides "'scientific' knowledge and 'technical' or 'other specialized'

knowledge." *Id.* at 148. The gatekeeping function, like other determinations of admissibility

of evidence, requires the trial judge to exercise an informed and broad discretion. *Cooper v.*

*Smith & Nephew, Inc.,* 259 F.3d 194, 199-200 (4th Cir. 2001); *Oglesby v. General Motors*

*Corp.*, 190 F.3d 244, 250 (4th Cir. 1999); *cf.* Fed. R. Evid.104(a). Plaintiff argues that the

opinion testimony of Bell and Wills should be excluded because such testimony fails to

---

[1]"Effective December 1, 2000, Rule 702 was amended to reflect the Supreme Court's
recent decisions in *Daubert* and *Kumho Tire Co. v. Carmichael . . . .*" *Cooper v. Smith &
Nephew, Inc.,* 259 F.3d 194, 199 n. 1 (4th Cir. 2001).

satisfy Rule 702 and that, in the alternative, such testimony should be excluded under Fed.R.Evid. 403.

Having reviewed plaintiff's motion to exclude the testimony of Bell and Wills, together with defendants' opposition thereto, I am satisfied that there is no warrant whatsoever in excluding their testimony on a wholesale basis as plaintiff argues. Each of defendants' experts is well-qualified by training and experience to have undertaken the respective tasks assigned to them in this case. This is not to say that *all* of the statements contained in their reports are necessarily admissible, e.g., whether plaintiff was "negligent" in failing to employ an available restraint while she was on the mobility van. Nevertheless, there will be time enough (e.g., at the pretrial conference) for the parties and the court to focus on exactly which of the experts' findings and conclusions are properly admissible. *Cf. Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1124 (9th Cir.1994) (holding that a formal hearing is not required for a district court to make a determination as to the admissibility of proposed expert testimony). The experts' opinions will be appropriately evaluated for purposes of summary judgment, if they have any bearing on the summary judgment issues at all.

2.      Defendants' Motion for Extension of Time and Plaintiff's Motion to Strike

In an extraordinary display of incivility, plaintiff filed an opposition to a motion filed by defendants for a short extension of time within which to file defendants' reply memorandum to plaintiff's response to the motion for summary judgment. Apparently,

plaintiff believed that defendants did not adequately explain the reasons for the need for any extension and did not try hard enough to contact plaintiff's counsel to secure his consent to the extension. I did not rule on the motion for extension of time, and defendants filed their reply within days of the due date for the reply memorandum. Thereafter, plaintiff filed a motion to strike defendants' reply memorandum, as well as an improper surreply memorandum. The court strongly condemns these actions by plaintiff's counsel. The motion for extension of time is granted and the motion to strike is denied.

For the reasons set forth, it is this 7th day of June, 2003, hereby ORDERED

(1)     Plaintiff's motion to exclude experts (Paper No. 17) is DENIED;

(2)     Defendants' motion for extension of time (Paper No. 27) is GRANTED;

(3)     Plaintiff's motion to strike (Paper No. 32) is DENIED.



                                        /s/
                                   ANDRÉ M. DAVIS
                                   United States District Judge